ALEXANDER *v.* MORRIS *et al.*

(*Nashville.*    December. Term, 1902.)

1. **WRIT OF ERROR.** May be prosecuted by guardian ad litem of person of unsound mind in forma pauperis, when.

Except in actions for false imprisonment, malicious prosecution and slanderous words, a guardian *ad litem* of any idiot, lunatic or person of unsound mind, duly appointed by any court of this State, may prosecute a writ of error to correct a judgment against his ward, without giving bond and security for costs, by taking and subscribing an oath that he has no property of his ward out of which to bear the expenses of such action and that he verily believes that his ward is entitled to the redress sought. (*Post, pp.* 725-726.)

Act construed:    Acts of 1871, ch. 111.

Code construed:    Sec. 4929 (S); 3913 (M. & V.).

2. **SAME.** Is a mode or form by which suits are prosecuted.

While the statute, in express terms, provides for only the commencement and prosecution of a suit upon the pauper oath, yet the provision, in legal contemplation, embraces all proceedings for the correction of errors, such as appeals or writs of error, these being modes by which suits are prosecuted. (*Post, p.* 726.)

---

FROM WILSON.

---

Appeal and writ of error from the Chancery Court of Wilson County. J. W. STOUT, Chancellor.

Alexander v. Morris.

R. P. McClain, B. J. Tarver, J. S. Gribble and Dismukes & Baskerville, for Alexander *et als.*

Seay & Seay and Geo. W. Boddie, for Morris.

Mr. Justice Wilkes delivered the opinion of the Court.

Complainant brought suit in the chancery court of Wilson county against J. H. Morris and A. S. J. Morris. The latter being of unsound mind, J. H. Morris was appointed his guardian *ad litem.*

The litigation progressed to a final decree against J. H. Morris individually and his ward, A. S. J. Morris, at the October term, 1902. An appeal was prayed for both parties, and granted to J. H. Morris upon his taking the oath prescribed for poor persons. A similar oath was tendered to perfect the appeal prayed for the *non compos,* but was refused by the clerk of the court below.

The decree allowing appeal for the *non compos* provided only for an appeal on giving bond. A petition is now presented to this court for writ of error for the *non compos* upon condition that he take the pauper oath in this court, which oath is tendered with the petition of the guardian *ad litem.*

We are of opinion the writ of error prayed for by the guardian *ad litem* for the *non compos* should be granted, and it is so ordered. The statute (Shannon's Code, sec. 4929) provides as follows: "Except for false imprisonment, malicious prosecution and

slanderous words, any person who has been appointed by any court of this State the guardian of any idiot, lunatic or person of unsound mind, may commence and prosecute an action, without giving bond and security for costs, by taking and subscribing an oath that he has no property of such idiot, lunatic or person of unsound mind, out of which to bear the expense of such action, and that he verily believes that such idiot, lunatic or person of unsound mind is justly entitled to the redress sought." The oath filed substantially conforms to the requirements of this statute, and the action does not fall within the excepted classes.

It is true the statute provides in express terms for only the commencement and prosecution of a suit upon the pauper oath, but this embraces all proceedings for correction of errors, such as appeal and writ of error, as these are modes by which the suit is prosecuted.

The record being already in court upon the appeal of J. H. Morris individually, he will be allowed to prosecute the writ of error as guardian *ad litem* on behalf of his ward, and the application made is granted.