Turney, J.,
delivered tbe opinion of tbe Court.
In actions of replevin, when tbe plaintiff files with tbe clerk tbe affidavit of himself, bis agent or bis attorney, that be is entitled to tbe possession of tbe property, “be shall also, at tbe same time, give bond in double tbe value of tbe property, payable to tbe defendant, and conditioned to be void if tbe plaintiff abide by and perform tbe judgment of tbe court in tbe premises:” Code, 3377.
*623 Sec. 3378 provides: “ Tbe clerk will value tbe property, according to tbe description in tbe affidavit, for tbe purpose of fixing tbe penalty of tbe bond.”
By sec. 3392: “After tbe return of tbe writ, if it appear tbat tbe bond is insufficient in form, amount of penalty, or , in respect to tbe solvency of tbe sureties, tbe court may remedy tbe defect by sucb orders as are necessary, and may bold the plaintiff in custody till said orders are complied with, and tbe court may make sucb other orders as may be considered expedient to secure tbe rights of tbe plaintiff or defendant.”
Sec. 3393: “ Tbe clerk shall not be exempt, by reason of sucb orders made by tbe court, from liability for any damages proceeding from bis failure to take good and sufficient security.”
This court has recently held tbat an action of replevin, cannot under a proper construction of this statute, be prosecuted in forma pauperis. Tbe reason for tbe rule is, tbat by tbe adoption of this form of action and tbe execution of the writ, tbe possession of the property, tbe right to which is to be tried, is changed from tbe bands of tbe defendant to those of tbe plaintiff; and tbe suit being to ascertain tbe title to tbe property in specie, and not merely for its value in damages, security 'must be given to tbe defendant for tbe return of tbe property in kind if be shall be successful, or for tbe payment -of its value, with damages for its detention.
Tbe judgment does not sound in damages, but *624 is intended, in law to secure the return of the property.
If this action might be prosecuted in forma pan/peris, worthless and unprincipled persons could and would possess themselves of property to which they have no claim of right, and leave the true owner without the means of redress or compensation.
Persons having rights, but unable to give security for the value, may be redressed in other forms of action in which they may proceed in forma pauperis, and if there be danger of loss or destruction of the chattels, place them in custody of law, by attachment.
The rule for the security, being founded in the natural law that one shall not wrongfully and under color of law, appropriate to himself that which belongs to another; the property being the thing to be secured, costs, which are mere incidents to the pursuit of that property and no part of it, are not embraced in the security required, and if the costs, added to the value and damages for the detention, exceed the penalty of the bond, the sureties are not bound for the excess.
The fact that the law has ' provided for the prosecution of almost every right, a remedy that may be resorted to' in forma pauperis demonstrates the correctness of the construction given to the statute; as does the provision holding liable the clerk for failing to take good and sufficient security in this form of action.
After the property is secured, the action, in all *625 other respects is in nothing different from the more common forms; it is, therefore, a consequence that as to such costs as exceed the penalty of the bond the plaintiff may prosecute the suit in forma pauperis.
The provision of the statute that “ The court may make such further orders as may be considered expedient to secure the rights of plaintiff or defendant,” was not intended to, nor does it, confer upon the court the authority to make extraordinary rules or orders inconsistent with the general- policy of the law protecting the rights of poor persons. In fact, it confers no further power than already existed by statute and the general rules of practice. Reverse' the judgment.