D. C. SCOTT *v.* AMZEL BRANDON.

(*Nashville.* December Term, 1911.)

1. **COSTS BONDS.** Actions, appeals, appeals in error, and writs of error may be prosecuted upon the pauper oath.

The object of the statute (section 4928 of Shannon's Code) providing that any person may commence an action (with the exception of specified actions), without giving security for costs, by taking a prescribed pauper oath, is to enable any poor person to prosecute an action without giving a cost bond (save in the cases excepted), and the right extends to appeals, appeals in error, and writs of error, which are in the nature of actions and within the purview of the statute; and the purpose is to place the weak on a level with the strong in a contest for their rights in the courts. (*Post, pp.* 316, 317, 320.)

Code cited and construed: Sec. 4928 (S.); sec. 3912 (M. & V.); sec. 3192 (T. & S. and 1858).

Cases cited and approved: Philips v. Rudle, 1 Yerg., 121; Herd v. Drew, 9 Humph., 365; Barber v. Denning, 4 Sneed, 267; Heatherly v. Bridges, 1 Heisk., 220; Andrews v. Page, 2 Heisk., 634.

2. **REPLEVIN.** Bond must be given by plaintiff, and suit cannot be instituted upon pauper oath.

A replevin suit cannot be instituted on the pauper oath, without a replevin bond, because there is a transfer of property from the defendant to the plaintiff, immediately upon the bringing of the suit, before the right of the conflicting claims is determined, and the statutory bond in replevin is required for the security of the property involved, and not for the security of the costs alone; but, after the property is secured by the giving of such bond, the action proceeds as other actions. The rule for security is founded on the natural law that one shall not wrongfully and under the color of law appropriate to himself that which belongs to another. (*Post, pp.* 317-319.)

Scott v. Brandon.

See Code, secs. 4928, 5131 (S.); secs. 3912, 4113 (M. & V.); secs. 3192, 3377 (T. & S. and 1858).

Case cited and approved:  Horton v. Vowel, 4 Heisk., 622.

3. **SAME.    Defendant may appeal, upon pauper oath, from justice's adverse judgment; statutes construed.**

Under the statute (section 5153 of Shannon's Code), authorizing an appeal by either party from a justice's judgment in replevin, upon giving bond in double the value of the property replevined, when read and construed, as it must be, in connection with the statute (section 4928 of Shannon's Code), authorizing a person to commence an action without giving security by taking the pauper oath, applies only to a plaintiff who appeals from a justice's adverse judgment in replevin, and a defendant in replevin may appeal, upon the pauper oath, from such adverse judgment.    (*Post, pp.* 319-321.)

Code cited and construed:  Secs. 4928, 5149-5153 (S.); secs. 3912, 4130-4134 (M. & V.); secs. 3192, 3394-3398 (T. & S. and 1858).

Case cited, distinguished, and approved:  Kincaid v. Bradshaw, 6 Bax., 102.

FROM HUMPHREYS.

Appeal by defendant from the Circuit Court of Humphreys County to the Court of Civil Appeals, and by *certiorari* by plaintiff from the Court of Civil Appeals to the Supreme Court.—W. L. COOK, Circuit Judge.

J. F. SHANNON and J. H. BUCHANNON, for plaintiff.

H. C. CARTER, for defendant.

MR. JUSTICE GREEN delivered the opinion of the Court.

This case is before us on petition for *certiorari* to review a judgment of the court of civil appeals.

The question presented is as to the right of an unsuccessful defendant in a replevin suit before a justice of the peace to take an appeal to the circuit court upon the pauper oath.

The circuit judge was of opinion that no such right existed. The court of civil appeals reached a contrary conclusion, and reversed the action of the trial judge. The question depends upon a proper construction of our statutes.

The acts of the legislature respecting replevin before magistrates are carried into Shannon's Code, sections 5149-5153. Section 5153 is as follows:

"Either party may appeal from the justice's judgment to the circuit court, within two days after the judgment is rendered, on giving bond in double the value of the property replevied, payable to the opposite party, conditioned to prosecute the appeal with effect, and to abide by and perform the judgment of the circuit court."

The statutory provision with reference to suits *in forma pauperis* is contained in Shannon's Code, section 4928, as follows:

"Except for false imprisonment, malicious prosecution, slanderous words, and divorce suits brought by males, any person may commence an action without

giving security as above required, by taking and subscribing the following oath in writing: 'I, A. B., do solemnly swear that, owing to my poverty, I am not able to bear the expenses of the action which I am about to commence, and that I am justly entitled to the redress sought, to the best of my belief.' "

This court, by construction, has always extended this right to proceed upon the pauper oath to appeals, appeals in error, and writs of error; it being said that appeals, etc., are in the nature of an action, and are within the purview of the statute. *Phillips* v. *Rudle,* 1 Yerg., 121; *Andrews* v. *Page,* 2 Heisk., 634; *Barber* v. *Denning,* 4 Sneed, 267; *Herd* v. *Drew,* 9 Humph., 365; *Heatherly* v. *Bridges,* 1 Heisk., 220.

It will be observed that replevin suits are not excepted in Shannon's Code, section 4928, from the provisions of that act. The object of section 4928 is to enable poor persons to assert and prosecute, in our courts, their rights and claims, without being required to give a cost bond, save in the cases excepted. The policy of our law is to allow every person a complete hearing upon any controversy he may have, whether he is able to secure costs or not, unless he be asserting a claim for false imprisonment, malicious prosecution, slander, or unless he be a male claimant for divorce.

The object of the statute is to place the weak on a level with the strong in a contest for their rights in a court of justice. *Barber* v. *Denning,* 4 Sneed, 267.

While it is true a replevin suit cannot be instituted on the pauper oath, the reason is that in such an action

there is a transfer of the property from the defendant to the plaintiff, immediately upon the bringing of the suit, before the right of the conflicting claims is determined. Bond is therefore required of the plaintiff; "the rule for the security," as said by the court, "being founded on the natural law that one shall not wrongfully and under color of the law appropriate to himself that which belongs to another." *Horton* v. *Vowel*, 4 Heisk., 622. As observed by the court in the same case, the bond in replevin suits is required for the security of the property, not for the security of the costs.

In *Horton* v. *Vowell*, supra, it was held that replevin could not be prosecuted *in forma pauperis*. However, the statutory bond having been given for double the value of the property at the institution of the suit, it was permissible for the plaintiff, when during the progress of the suit the costs had accumulated to a larger amount than the bond would protect, on a rule upon him for further security, to take the pauper oath. The court said:

"After the property is secured, the action, in all other respects, is nothing different from the more common forms. It is therefore a consequence that, as to such costs as exceed the penalty of the bond, the plaintiff may prosecute the suit *in forma pauperis*.

Bearing in mind, therefore, that in replevin cases bond is required for the security of the property involved, not for the security of costs, and that "after the property is secured the action does not differ from

the more common forms," we return to the consideration of section 5153, Shannon's Code, heretofore quoted.

We do not think the provision that "bond in double the value of the property replevied" be required of parties appealing from the magistrate's judgment was intended to apply to the defendant. The appeal bond, thus provided for, just as the original bond, in replevin cases, is intended for the security of the property, not for the security of costs. Where the plaintiff appeals, it is proper that such a bond be required of him. He obtains possession of the property with the issuance of the writ, and remains in possession thereof until the suit is finally determined. Employing this extraordinary remedy, and being at all times in possession of the property, it is right that he be held under bond during the entire progress of the litigation. This is necessary for the protection of the defendant.

As to the defendant, the situation is different. He is deprived of the property at the beginning of the suit. His appeal does not restore him to possession. It could not have been intended by the legislature to require of him a bond for the protection of property not in his possession and over which he had no control.

The security of the property could in no way be affected by this appeal. It will not be supposed that the lawmakers intended to make him, on his appeal, give a bond merely for ceremony. Neither do we think it was intended to deprive such a defendant of his appeal, merely because he was not able to give bond to cover costs and damages.

The acts carried into section 5153 and section 4928 of Shannon's Code must be construed together.

As we have seen, the intention of the legislature in passing the last-mentioned act, permitting actions *in forma pauperis*, was to place the weak on a level with the strong, and to permit a full hearing of all save a few excepted cases in all tribunals, regardless of the poverty of the litigant, and regardless of his inability to secure costs.

Bonds in replevin cases being for the security of the property involved, and, "after the property is secured, the action, in all other respects," being "in nothing different from the more common forms," it cannot be supposed that the legislature meant to require bond of a defendant, where his appeal in no way prejudiced the security of the property, and to make a distinction between a poor defendant in replevin and a poor defendant in other suits respecting costs and damages.

If we so declare the law, it would place the personal property of every poor man in the State absolutely within the power of the justices of the peace. While the great body of our magistrates are men of probity and intelligence, unfortunately there have been exceptions. Any unscrupulous man, financially able to make a replevin bond, might go before an unscrupulous or ignorant justice, and, by preferring a false claim, take away from the lowly their scanty belongings. Defendants, being unable to give bond, would be without remedy, if the contention of the petitioner here should be accepted as correct.

Such. a result was never contemplated by the legislature.   This act must be construed with reference to our other law.   We are of opinion, therefore, that the section of the Code quoted (Shannon, section 5153) does not deprive a defendant of the right to appeal, upon taking the oath prescribed for poor persons.

In *Kincaid* v. *Bradshaw,* 6 Baxt., 102, it was held that an appeal to this court cannot be prosecuted on the pauper oath by a *plaintiff* in replevin.   It is obvious that there is nothing in this holding contrary to what has been herein said.

The petition for *certiorari* will be denied.