Doty *v.* Federal Land Bank of Louisville *et al.*

*(Nashville,* December Term, 1937.)

Opinion filed April 2, 1938.

Joe B. Weems and Ray Stuart, both of Dickson, for plaintiff in error.

F. S. Hall, of Dickson, W. B. Magness and J. F. Williamson, both of Louisville, Ky., and Marine W. Bledsoe, of Columbia, for defendants in error.

Mr. Justice DeHaven delivered the opinion of the Court.

J. C. Doty sued John R. Booth and the Federal Land Bank of Louisville and others to recover damages for their refusal to sell certain lands at a foreclosure sale according to a plan of division furnished by him, as au-

thorized by Code, section 7802. The questions made on appeal have heretofore been decided by this court,[1] and the case is again before us on the petition of Booth and the Federal Land Bank for a rehearing as to certain portions of the court's decision.

■ It is contended that the court shall have held that the action was barred by the one-year statute of limitations. Section 8595 of the Code, found under the title "Limitation of Actions other than Real," provides:

"Actions for libel, . . . and statutory penalties, within one year after cause of action accrued."

Petitioners assert that the action herein is one for statutory penalties. Section 7801 of the Code is as follows:

"But any such officer, or other person, who fails to comply with the provisions of this chapter, is guilty of a misdemeanor, and punishable accordingly, and is, moreover, *liable to the party injured thereby, for all damages resulting from the failure.*" (Italics ours.)

The statute does not impose a penalty, but creates a cause of action in favor of the party injured against the officer, or other person, who fails to comply with the provisions of the chapter in which the statute is found.

Plaintiff's action is not, therefore, one to recover a statutory penalty, but is one to recover such damages as he may have suffered by reason of the alleged failure of the defendant John R. Booth to comply with section 7802 of the Code. In this view, the one-year statute of limitations is inapplicable. On the contrary, no period of limitation being expressly provided for this character of suit, it falls within the ten-year statute of limitations, Code, section 8601.

[1] No opinion for publication.

In *City of Atlanta* v. *Chattanooga Foundry & Pipeworks,* 127 F., 23, 64 L. R. A., 721, Circuit Court of Appeals for the Sixth Circuit, in an opinion by Judge LURTON, it was held that an action under section 7 of the Anti-Trust Law, 26 Stat., 210, 15 U. S. C. A., section 15 note, providing that "any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by this act, may sue therefor in any circuit court of the United States . . . and shall recover three fold the damages by him sustained," is not an action for a penalty or forfeiture, within Rev. St., section 1047, 28 U. S. C. A., section 791, prescribing a limitation of five years for a "suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States," but one for the enforcement of a civil remedy given by statute for a private injury, compensatory in its purpose and effect; the recovery permitted in excess of actual damages being in the nature of exemplary damages, which does not change the nature of the action, and such action is governed as to limitation by the statutes of the state (Tennessee) in which it is brought. The court held the action to be one to enforce a statutory liability, and within section 4473 of Shannon's Code, section 8601, Code of 1932, which prescribes a limitation of ten years for certain actions, and in "all other cases not expressly provided for."

▮ It is next contended that, inasmuch as section 9397 authorizes the commencement of an action in tort by original attachment upon giving bond, the court was in error in holding that an original attachment in such an action could be had upon the pauper oath. If an ancillary attachment may be had upon the pauper's oath, as

held in *Barber* v. *Denning,* 36 Tenn. (4 Sneed), 267, and *Wiley* v. *Bennett,* 68 Tenn. (9 Baxt.), 581, and recognized in other of our cases, we can see no reason why an original attachment cannot be had on the pauper's oath.

Prior to Code, section 9397, Acts 1865-66, chapter 22, section 1, actions for tort could not be commenced by original attachment. *Barber* v. *Denning, supra.* When, by section 9397, actions in tort were authorized, it seems logically to follow that an original attachment can be sued out on the pauper oath, just as in the case of an ancillary attachment.

Section 9080 of the Code, giving the right to commence actions without giving security, with certain exceptions, upon taking the pauper's oath, originated with chapter 22, section 1, of the Acts of 1821. The court, in *Barber* v. *Denning, supra,* said:

"We think the intention of the Legislature, by the act of 1821, was to allow poor persons the process of attachment as well as summons when necessary, in the prosecution of their rights by suit, upon making the required affidavit, without giving security. If the act does not go to this extent, it would be a fruitless benefit in many cases, and fall very far short of the object intended, which was to place the weak on a level with the strong, in a contest for their rights, in the courts of justice. It is said that there would be much abuse under this construction. This is doubtless true, but that is no argument. Greater abuses and oppression might result to those who are unable to bear the expenses of a lawsuit or give security for the necessary process, if the doors of the Courts were shut against them for want of ability to give the required security for costs and damages."

If the object of the statute, Code, section 9080, is to

place the weak on a level with the strong in a contest for their rights in a court of justice, upon what reasonable basis could it be held that the poor may have an ancillary attachment upon the pauper oath, but not an original attachment? We know of none.

■ The same requirements as to affidavit and bond are necessary to the issuance of an ancillary attachment as to the issuance of original attachments. Code, sections 9416-9418. If the pauper oath may be taken in lieu of bond in the one case, so may it in the other.

It is argued, however, that Code, section 9397, authorizing actions in tort to be commenced by original attachment, specifically requires bond. But so do the general attachment statutes. Code, sections 9416-9418. Sections 9416 and 9418 originated with chapter 1, Acts 1794. So, the court in *Barber* v. *Denning* had this statute before it when it held that an ancillary attachment could be had upon the pauper's oath.

■ ■ Petitioners invoke Code, section 9426, which provides:

"Attachments issued without affidavit and bond, as herein prescribed, may be abated by plea of the defendant."

This section has application where pauper oath in lieu of bond has not been taken. Code, section 9080, must be construed *in pari materia* with Code, section 9418, requiring bond in attachment cases.

■ It is further argued that an action by original attachment is analogous to the action of replevin and neither is excepted by Code, section 9080; that, if replevin cannot be had upon pauper oath, then an original attachment cannot be had upon such oath. We are unable to agree that attachment is analogous to replevin, with re-

spect to the bond required. In *Horton* v. *Vowel,* 51 Tenn. (4 Heisk.), 622, it was held that replevin cannot be prosecuted *in forma pauperis.* The court said:

"The reason for the rule is, that by the adoption of this form of action and the execution of the writ, the possession of the property, the right to which is to be tried, is changed from the hands of the defendant to those of the plaintiff; and the suit being to ascertain the title to the property *in specie,* and not merely for its value in damages, security must be given to the defendant for the return of the property in kind if he shall be successful, or for the payment of its value, with damages for its detention. . . .

"If this action might be prosecuted *in forma pauperis,* worthless and unprincipled persons could and would possess themselves of property to which they have no claim of right, and leave the true owner without the means of redress or compensation.

"Persons having rights, but unable to give security for the value, may be redressed in other forms of action in which they may proceed *in forma pauperis,* and if there be danger of loss or destruction of the chattels, place them in custody of law, by attachment."

The above case was approved in *Scott* v. *Brandon,* 125 Tenn., 314, 318, 143 S. W., 601.

Property levied upon by attachment is not turned over to the plaintiff. Code, sections 9453-9457. And may be replevied by the defendant. Code, section 9460. Thus the controlling reason why replevin cannot be had upon the pauper oath is wholly absent in actions by attachment.

Our conclusion is that the petition to rehear must be overruled.