C. P. Swan and Ira McCollister,

*v.*

Lawson Williams.

(*Knoxville,* September Term, 1959.)

Opinion filed December 11, 1959.

34

PRIVETT & MORTON, Knoxville, for appellees (plaintiffs).

EARL LEMING, Knoxville, for appellant (defendant).

Mr. Chief Justice Neil delivered the opinion of the Court.

This suit originated in the General Sessions Court wherein C. P. Swan and Ira McCollister brought an action in detinue for the possession of certain specified articles of personalty.

The Sessions Judge entered his judgment sustaining the plaintiff's case, that is, that Swan and McCollister have and recover of the defendant, Williams, a judgment in different sums of money mentioned as the value of each item of property described in the warrant, making a total amount of $740, provided, however, that "each of the several judgments above rendered against the Defendant, Lawson Williams, may be satisfied in full by the return of the chattel for which said judgment is rendered."

An appeal was duly prayed to the Circuit Court of Knox County where counsel for Swan and McCollister, original plaintiffs, moved the court "to dismiss the Appeal of the original defendant, Lawson Williams, for failure to file a proper appeal bond." The motion was sustained and the appeal was accordingly dismissed.

■ The defendant has appealed to this Court, and the sole issue to be decided is whether or not the trial judge was in error in dismissing the defendant's appeal in default of bond.

It clearly appears that the original warrant was issued upon the affidavit of the plantiffs' agent to the effect that they are "entitled to the possession of the *property proposed to be replevied*". (Emphasis ours.) But no bond was executed by the plaintiffs as required by law in replevin suits. The case thus went to trial, the Sessions Judge trying it as a suit in detinue. He entered a judgment for the plaintiffs and against the defendant in the alternative, i. e. a judgment for damages to be satisfied by the return of the property, as heretofore pointed out in this opinion.

■ When the case reached the Circuit Court on appeal it stood for trial *de novo*. We thus find that the suit continued to be a suit in detinue, even though the original warrant bore the earmarks of a replevin action. It could not become a replevin suit until the plaintiffs had first executed a bond in double the value of the property.

We feel that the learned trial judge was mislead by the form of the affidavit made in support of the plaintiffs' siut for he says in his memorandum opinion: "If this suit had been in replevin instead of detinue the unsuccessful defendant might have maintained an appeal on a pauper oath * * *." He also failed to take notice of the fact that the General Sessions Judge treated the warrant as an action in detinue.

■ It is settled law in this State that if an action is one in replevin where possession cannot be obtained

thereby, the plaintiff may proceed as in detinue. History of a Lawsuit (Gilreath's Revision) 7th Ed., Secs. 55 and 133.

In *Scott v. Brandon,* 125 Tenn. 314, at page 319, 143 S.W. 601, at page 602, the Court holds:

"We do not think the provision that 'bond in double the value of the property replevied' be required of parties appealing from the magistrate's judgment was intended to apply to the defendant."

In all cases where the action is one in detinue the plaintiff may prosecute his suit *in forma pauperis* and the defendant may likewise so appeal on the pauper's oath if and when the judgment is against him.

Contention is made by counsel for appellee that in all detinue suits where the defendant is cast in the suit he should be required to execute a bond for restoration of the property pending appeal in order "to protect the plaintiff's right to possession." But the statute does not so provide. Moreover the plaintiff "cannot have his cake and eat it too" to the prejudice of the rights of the defendant.

Where the plaintiff is successful in his suit for possession of the property, the same being an action in detinue, and the defendant, not being able to give bond for double its value in order to retain possession, the result is that the original plaintiff obtains possession without giving any bond or other security to indemnify the defendant. Thus it is that in the foregoing circumstances the property may be dissipated by the plaintiff pending the defendant's appeal without any guarantee of its final restoration to the defendant.

■ We think the statutes relating to suits in replevin and in detinue clearly contemplate that in suits in detinue the property is to remain in possession of the defendant until the right to possession is finally adjudicated. However, should the plaintiff feel aggrieved by reason of the fact that the defendant is not required to give a delivery bond, he may at once apply to the Circuit Court for an injunction, or ''stay order'' to preserve the *status quo* pending a final disposition of the case.

The assignments of error are sustained, and the case is remanded to the Circuit Court for a trial on the merits.