IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 9, 2008


**FORD MOTOR CREDIT COMPANY**
**v.**
**KURT F. LUNA**

**Appeal from the Circuit Court for Marshall County**
**No. 17533     Franklin L. Russell, Judge**

—————————

**No. M2007-01292-COA-R3-CV - Filed August 15, 2008**

—————————

This appeal arises from the dismissal of an appeal from a general sessions judgment. The appellant purchaser defaulted on a loan from the appellee finance company for the purchase of a vehicle. The finance company then filed an action to recover possession of the vehicle. The general sessions court entered a judgment in favor of the finance company. The purchaser appealed the judgment to the circuit court. The finance company moved to dismiss the appeal for failure to file the required bond. The circuit court found that the purchaser was not indigent and granted the motion to dismiss. The purchaser appeals, challenging the circuit court's finding that he was not indigent. We find that an appeal bond was not required under Tennessee caselaw. Therefore, we reverse the decision of the circuit court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., concurred; W. FRANK CRAWFORD, J., did not participate.

Kurt F. Luna, Lewisburg, Tennessee, appellant, pro se

Steven D. Lipsey, Knoxville, Tennessee, for the appellee, Ford Motor Credit Company

**OPINION**

In December 2005, Defendant/Appellant Kurt F. Luna ("Luna") entered into a contract for the purchase of a 2006 Ford F350 vehicle ("vehicle").[1] The purchase of the vehicle was financed with a loan from the Plaintiff/Appellee Ford Motor Credit Company ("Ford Credit"). Subsequently,

—————————

[1] Both parties refer to the existence of this contract, but the record does not contain a copy of the contract.

Luna apparently defaulted on the loan. As a result, on January 31, 2007, Ford Credit filed an action in the General Sessions Court for Marshall County, Tennessee, seeking a judgment for possession of the vehicle. Ford Credit did not seek a money judgment.

On March 22, 2007, the General Sessions Court held a hearing on Ford Credit's action. After the hearing, a judgment for possession of the vehicle was issued in favor of Ford Credit.

Luna appealed the General Sessions judgment for possession to the Circuit Court for Marshall County. In response, Ford Credit filed a motion to dismiss Luna's appeal on the basis that Luna failed to give bond as required by Tennessee Code Annotated §29-30-217.[2]

The Circuit Court held a hearing on Ford Credit's motion to dismiss Luna's appeal, during which the parties apparently presented evidence on whether Luna was indigent.[3] On April 13, 2007, the Circuit Court entered an order dismissing Luna's appeal for failure to give bond.[4] In the order of dismissal, the Circuit Court found that Luna was "not indigent and that if he were, it would not be grounds to waive bond."[5]

On April 20, 2007, Luna filed a "Motion to Reconsider or in Alternative Motion to Alter or Amend Judgment," arguing, *inter alia*, lack of jurisdiction. Luna asserted that the Marshall County courts lacked jurisdiction over Ford Credit's action because he had previously filed a lawsuit in federal court for violation of the Fair Debt Collection Practices Act, and because Ford Credit's action was filed in retaliation for his federal lawsuit. Luna also argued that he was deprived of due process. In response to Luna's motion to reconsider or to alter or amend, Ford Credit argued that the Circuit Court had properly found that Luna was not indigent, and asked the Circuit Court to deny Luna's motion.

---

[2]Section 29-30-217 provides:

> Either party may appeal from the general sessions court's judgment to the circuit court, within the ten (10) days allowed by § 27-5-108, *on giving bond in double the value of the property replevied*, payable to the opposite party, conditioned to prosecute the appeal with effect, and to abide by and perform the judgment of the circuit court; but a bond in double the value is not required of a defendant not in possession and unsuccessful before the general sessions court.

T.C.A. § 29-30-217 (2000) (emphasis added).

[3]The record contains neither a transcript of this hearing nor the evidence that was introduced at this hearing.

[4]At the hearing on the motion to dismiss, Luna apparently argued that the case had been removed to federal court, noting that he had previously filed an action against Ford Credit and other defendants, in federal court, under the Fair Debt Collection Practices Act. The record does not contain any federal pleadings filed by Luna. The Circuit Court found that the case had not been removed.

[5]Although the Circuit Court's order states that indigence would not be grounds for waiving the requirement of bond, Ford Credit concedes on appeal that a person who is indigent may appeal an adverse judgment for possession on a pauper's oath.

On May 16, 2007, the Circuit Court entered an order denying Luna's motion to reconsider. In its order, the court reiterated the following findings of fact:

> 1. [Luna] is employed as a truck driver and earns between $1,000 and $2,000 per week through his employment. Defendant's annual income is between $50,000 and $100,000 per year.
> 2. [Luna] owns a home that he purchased in 2005 for the sum of $195,000.00.

Based on these findings, the Circuit Court concluded that Luna was not indigent, and, therefore, was required to give bond in accordance with Tennessee Code Annotated § 29-30-217. As Luna had not complied with section 29-30-217, the Circuit Court dismissed Luna's appeal and remanded the case to the General Sessions Court for further proceedings.

On June 13, 2007, Luna filed his notice of appeal to this Court, appealing the Circuit Court's dismissal of his appeal from the General Sessions Court.

On July 19, 2007, Luna filed a motion with this Court, requesting a stay of enforcement of the General Sessions judgment against him, pending the outcome of this appeal. In response, Ford Credit argued that Luna had failed to comply with Rule 62.04[6] of the Tennessee Rules of Civil

---

[6]Rule 62.04 provides:

> Except as otherwise provided in Rule 62.01, when an appeal is taken the appellant by giving a bond may obtain a stay. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the bond is approved by the court.

Tenn. R. Civ. P. 62.04.

Procedure and Rules 7[7] and 22[8] of the Tennessee Rules of Appellate Procedure. This Court denied Luna's motion to stay enforcement of the judgment.

On appeal, Luna challenges the Circuit Court's finding that he was not indigent. We review the Circuit Court's findings of fact *de novo* upon the record with a presumption of correctness "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); ***Campbell v. Fla. Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996). We review the trial court's legal conclusions *de novo* with no presumption of correctness. ***Campbell***, 919 S.W.2d at 35.

In the case of ***Swan v. Williams***, 330 S.W.2d 557 (Tenn. 1959), our Supreme Court addressed a set of facts similar to those in the case at bar. In ***Swan***, the plaintiffs brought an action for possession of personal property in the Knox County General Sessions Court. ***Swan***, 330 S.W.2d at 558. Judgment was entered in favor of the plaintiff, and the defendant appealed to the Circuit Court. ***Id.*** The plaintiffs then moved for dismissal of the appeal "for failure to file a proper appeal bond." ***Id.*** The Circuit Court granted the plaintiffs' motion and dismissed the appeal.

The Supreme Court reversed the Circuit Court's dismissal, finding that an appeal bond was not required. The ***Swan*** Court stated, " 'We do not think the provision that 'bond in double the value of the property replevied' be required of parties appealing from the magistrate's judgment was intended to apply to the defendant.' " ***Id.*** at 559 (quoting ***Scott v. Brandon***, 125 Tenn. 314, 319 (1911)). The court further stated:

> Where the plaintiff is successful in his suit for possession of the property, the same being an action in detinue, and the defendant, not being able to give bond for double its value in order to retain possession, the result is that the original plaintiff obtains possession without giving any bond or other security to indemnify the defendant. Thus it is that in the foregoing circumstances the property may be

---

[7]Rule 7 provides, in part:

Any party may obtain review of an order entered pursuant to Rule 62 of the Tennessee Rules of Civil Procedure by a trial court from which an appeal lies to the Supreme Court or Court of Appeals granting, denying, setting or altering the conditions of a stay of execution pending appeal, or granting, denying, setting or altering the conditions of additional or modified relief pending appeal. As a prerequisite to review, a written motion for the relief sought on review shall first be presented to the trial court unless a motion in the trial court is not practicable.

Tenn. R. App. P. 7(a).

[8]Rule 22 governs the content and form of motions filed with the Court of Appeals. It provides, in part:

The motion shall state the grounds on which it is based and the order or other relief requested. Each copy of a motion shall be accompanied by a memorandum of law and if the motion is based on matters not appearing of record, by affidavits or other evidence in support thereof.

Tenn. R. App. P. 22(a).

dissipated by the plaintiff pending the defendant's appeal without any guarantee of its final restoration to the defendant.

We think the statutes relating to suits in replevin and in detinue clearly contemplate that in suits in detinue the property is to remain in possession of the defendant until the right to possession is finally adjudicated. However, should the plaintiff feel aggrieved by reason of the fact that the defendant is not required to give a delivery bond, he may at once apply to the Circuit Court for an injunction, or 'stay order' to preserve the *status quo* pending a final disposition of the case.

*Id.* We believe that this case is governed by the rule set forth in **Swan**. Accordingly, we must conclude that the Circuit Court erred in dismissing Luna's appeal for failure to file a bond.

The decision of the trial court is reversed, and the case is remanded for further proceedings consistent with this Opinion. The costs of this appeal are to be taxed to the Plaintiff/Appellee Ford Motor Credit Company, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE