McKinney, J.,
delivered the opinion of the Court.
This was an action of' unlawful detainer, brought by Sampson against Philips, the tenant of Henry W. Con *431 ner, on the 19th of September, 1850, to recover possession of a tract of land lying in Dyer county, containing five hundred and ninety-five acres. The plaintiff recovered, and the defendant prosecuted an appeal in error to this Court.
It appears from the record, that Sampson and one IT. W. Conner both claim title to the land under one Plenry Rutherford. The latter conveyed to James Conner, on the 28th of September, 1795, and he to Henry W. Conner, on the 25th of April, 1834. Sampson claims under a deed dated 25th of January, 1838.
It is proved by Philips, a witness for plaintiff, that in the year 1839, Sampson put a tenant in possession of part of said land, who remained thereon till the close of the year i841, when the witness rented from Sampson, and held possession under him up to the last of the year 1845. Soon after witness left, one Petty-john went into possession, who told witness that he had rented from Sampson, but afterwards said he had not rented either from Sampson or Conner.. Philips further stated, that in the latter part of the year 1848, before Christmas, Pettyjohn quit the place; and his wagon, “that carried out his property, moved in the defendant, Philips,” who still continues in possession.
Miller, the agent of 'Conner, (who is a resident of Charleston, South Carolina.) proved that, at' the end of the year 1846 or first of 1847, he, as the agent of Conner, rented the land to Pettyjohn (who was then in possession) for the' years 1847 and 1848; and, at the end of the year 1848, he rented to the defendant, Philips, who went into possession when Pettyjohn left.
*432 The plaintiff produced and read to the jury a paper executed by Pettyjohn, of -which ,the following is a copy :
“ On or before the first day of January, 1849, I do promise to deliver to Col. Isaac Sampson, the place where I now live, which I have had possession of for the last three years. This 18th November, 1848. Up to that titile under him.
JOHN F. PETTYJOHN.”
The Court, among other things, said to the jnry, that “ if Pettyjohn went on the land by virtue of a renting from Sampson, and continued to rent from him until the end of tho year 1848, and Sampson had no knowledge that he had been renting of Conner's agent, and he then moved out to let in defendant, in that event plaintiff ought to recover in this action. It would be such oollusion as would place defendant in an attitude that he could not resist plaintiff’s claim.”
This case is very imperfectly presented in the proof; yet enough' appears to show that the judgment is against the law and evidence; and it would seem, from what we see of the title, equally against the right and justice of the case.
The title of Conner dates back upwards of sixty years, and the proof establishes an actual possession under it — though not of the exact spot in controversy— for more than thirty years; while the conveyance to Sampson, which is frima faeie fraudulent and invalid, goes back only to 1888, under which there has been no possession, except for the short period before stated, and that by an apparently wrongful intrusion upon the prior existing possession of Conner.
*433 This aspect of the case .demands that the plaintiff’s case should be clearly made out, to support the recovery in his favor.
It is true, as a general proposition, that the title cannot he inquired into in this form of action. The gist of the action is, the alleged wrongful entry or de-tainer. That is the issue properly involved, and not the state of the title, or which of two conflicting titles is the valid or better title. Yet it is admissible, in this action, to look to the title for some purposes; as to> define boundaries, or in view of the question of rents or damages to be recovered in an action brought by a mere intruder against the rightful owner of the land: So, where the claimant, by fraud, induced another to take a lease, or to enter under him, upon a false representation as to his title, and, consequently, the contract is vitiated by fraud. Shultz v. Elliott, 11 Hum., 183, 186. In such cases, and others that might be stated, the title may be looked to in the determination of the question, whether the case made out, constitutes in law, a wrongful entry or detainer.
The ease before us, however, turns rather upon the-facts for the present. The fact is distinctly proved by Miller, that from the first of the year 1847 — a period of more than three years before the commencement of this suit — the possession of the premises was held for Conner; and, in opposition to this proof, there is no admissible evidence in the record. The paper produced by Sampson, and allowed to go to the jury, executed by Pettyjohn, was not admissible evidence against Cbn« ner or his tenant. The paper is discredited upon its face. It has the appearance very much of having been *434 manufactured for the purposes of this suit. It purports to he a mero declaration, made by Pettyjohn when quitting the premises, or, probably, after his removal, that he. had held possession for the three preceding-years under Sampson, and promising to surrender possession to him on the first of January, 1849. If this paper were to be supposed genuine, still Conner, or his agent, had no connection with it — as to him, it is the ex-parte hearsay, declaration of Pettyjohn, and ought not to have been received. Except this paper, there is .not the color of evidence in the record that Pettyjohn professed to hold under Sampson for the years 184T .and 1848: And, therefore, upon this paper alone, the ■■.hypothesis of the Judge, in that..portion of the charge above quoted, must have been based, as there is nothing .else in the. record to which it can he referred. The ■ legal proposition of the judge, if admitted in the abstract to be correct, was calculated to mislead the jury. The objection is, that it impliedly recognizes the facts stated in said paper as legal evidence. for the consideration of the jury.
Pettyjohn is an admissible witness, and ought to have been called, though his credibility is, perhaps, impaired by the statement of the witness Philips, and very seriously damaged by the execution of the paper above referred to. ..
If the. possession was held for Conner- for three years '.before the commencement of this suit,. the action must fail. There .is no legal evidence in the record of a ■ collusive attornment by Pettyjohn to Conner’s agent or .tenant. But if the fact were even so, it would avail *435 the plaintiff in the action nothing if .he had knowledge of it and acquiesced.
Without' going into other question's for the present, the judgment must he reversed, for the reasons before stated.