NASHVILLE HOUSING AUTHORITY *v.* KINNARD.

(*Nashville*, December Term, 1947.)

Opinion filed January 16, 1948.

34

HILLDROP & MAYFIELD, of Nashville, for plaintiff in error.

ROBT. L. ALEXANDER, JR., of Nashville, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an action in unlawful detainer which was commenced by the Nashville Housing Authority in the General Sessions Court of Davidson County, against Velma Kinnard, to secure possession of an apartment in the Andrew Jackson Courts in Davidson County, Tennessee. In this action judgment was rendered for the plaintiff on March 1, 1947. On March 4, 1947, Velma Kinnard filed petition for writs of *certiorari* and *supersedeas* in the Circuit Court of Davidson County, and on that date secured a fiat from the HONORABLE RICHARD P. DEWS, Judge, for both of said writs conditioned upon the giving of bond in the sum of $300. Bond in said amount was given on March 4, and the writs issued.

Thereafter, on March 26, through its attorney, the Housing Authority filed a motion to dismiss the writs ''on the ground that appeal and not *certiorari* was the

proper remedy and procedure for defendant to employ to remove this case to the Circuit Court within two days after judgment was rendered against defendant in the Court of General Sessions." By order entered on April 5, 1947, the motion was granted and the writs dismissed on the grounds stated in the motion and specified in the order.

From the action of the Court in granting the motion and dismissing the writs of *certiorari* and *supersereas*, Velma Kinnard has perfected appeal to this Court.

Although the record, as we have it before us, shows that the judgment in the General Sessions Court was entered on March 1, and that petition for *certiorari* and *supersedeas* and the fiat thereon, were dated and filed on March 4, 1947 (three days after the judgment), because March 2 fell on Sunday, it seems to have been conceded by the parties in presenting the motion for the dismissal of the writs that the petition for *certiorari* was filed within two days after the rendition of the judgment. This becomes immaterial since we conclude that the dismissal of the writs for *certiorari* and *supersedeas* on the grounds specified in the motion and set out in the order of dismissal, was error.

The issuance of the writs of *certiorari* and *supersedeas* was in complete accord with the provisions and authority of Code sec. 9266. Merits were sufficiently set forth in the petition and the bond required by the Judge issuing the fiat was furnished, and clearly, petition was filed and the fiat signed "within 30 days after the rendition of judgment" in the Court of General Sessions.

The state and nature of the pleadings in the case of *Ammons* v. *Coker*, 124 Tenn. 676, 139 S. W. 732, which is the only decision of this Court on which reliance is placed by the Housing Authority were entirely different: "The question for determination in the case is whether, under

our statutes, in an action of forcible entry and detainer, where there has been a judgment for the plaintiff, the defendant can remove said cause to the Circuit Court, upon *certiorari* (without *supersedeas*), within the two days allowed for appeal." *Ammons* v. *Coker*, 124 Tenn. 676, 679, 139 S. W. 732.

And it was held that *certiorari* could not be so used alone in lieu of appeal. The holding has since been followed in two cases in the Court of Appeals. *Robertson* v. *Penn. Mut. Life*, 22 Tenn. App. 387, 123 S. W. (2d) 848; *Smith* v. *Holt*, Tenn. App., 193 S. W. (2d) 100.

■ None of these cases is authority for decision of this appeal. The unsuccessful defendant in the General Sessions Court wished to remain in possession of the property. To that end she procured writs of *certiorari* and *supersedeas*. The *certiorari* was not in lieu of appeal, but auxiliary to the writ of *supersedeas*. The *supersedeas* stayed the writ of possession and the *certiorari* presented the case for review in the Circuit Court. Such procedure authorized by Code sec. 9266 has long been accepted and often approved by this Court: ". . . she could have used the *certiorari* and *supersedeas* together *at any time after the judgment before the magistrate,* had she wished to remain in possession of the property, as provided by Shannon's Code, Sec. 5111 (Code sec. 9266)." (Emphasis ours.) *Ammons* v. *Coker*, 124 Tenn. 676, 682, 139 S. W. 732.

The difference between the function and use of appeal and *certiorari* and *supersedeas* is clearly explained later, in *Ammons* v. *Coker*, 124 Tenn. at pages 680, 681, 139 S. W. at page 733 of the opinion.

■■ We think it well to state that we find no merit in the plaintiff in error's assignment that *certiorari* here was justified under section 6, Chap. 12, Private Acts of 1937, since the judgment for rent here was under $50.

The action in unlawful detainer was for possession of the property (Code, sec. 9257), and the judgment for rent and damages are incidental to the judgment for possession. *Bloch* v. *Busch*, 160 Tenn. 21, 22 S. W. (2d) 242; Code, secs. 9244 and 9247. Compare 36 C. J. S., Forcible Entry and Detainer, Sec. 3.

"The action is strictly possessory in its nature, so that ordinarily the immediate right to possession is all that is involved or can be determined."

For the reasons stated we think the action of the Circuit Judge in granting the motion and dismissing the writs for the grounds stated was erroneous. His order in that regard is reversed and the case remanded to the Circuit Court for further proceedings consistent with this opinion.

All concur.