IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 19, 2002 Session

## CHARLES E CREWS, d/b/a DEXTER RIDGE SHOPPING CENTER
v.
## MICHAEL L. CAHHAL, BOBBIE S. CAHHAL, NANCY NICHOLS, R. BRET TAYLOR, KENNETH HILL, and EVELYN LORRAINE HENDRIX

Appeal from the Circuit Court for Shelby County
No. 82835-3      Karen R. Williams, Judge

No. W1999-02354-COA-R3-CV - Filed September 9, 2002

This is a breach of contract case. The plaintiff developer leased space to a corporation for use as a restaurant. The shareholders of the corporation entered into a separate agreement with the developer to guarantee the lease. The corporation defaulted on the lease. The developer filed unlawful detainer warrants in general sessions court against both the corporation and the shareholder guarantors. Thereafter, the corporation filed for bankruptcy, thus staying the general sessions court proceedings as to the corporation. The general sessions court dismissed the entire action, including the claim against the guarantors, because the bankruptcy stay prevented the developer from recovering possession. This decision was appealed to circuit court. Meanwhile, the developer had filed a second lawsuit for breach of contract against the guarantors. The second lawsuit was consolidated with the appeal of the unlawful detainer action pending in circuit court. After a trial, the circuit court affirmed the dismissal of the unlawful detainer action and dismissed the breach of contract action based on the doctrine of former suit pending. This appeal followed. We reverse and remand, finding, inter alia, that the action in general sessions court against the guarantors was for breach of contract and, therefore, recovery of possession of the premises was not required in order to obtain an award of damages against the guarantors.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed and Remanded**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Julie C. Bartholomew, Somerville, Tennessee, for the appellant, Charles E. Crews, d/b/a Dexter Ridge Shopping Center.

Keith V. Moore, Memphis, Tennessee, for the appellees, Michael L. Cahhal, Bobbie S. Cahhal, Nancy Nichols, R. Bret Taylor, Kenneth Hill, and Evelyn Lorraine Hendrix.

## OPINION

The Plaintiff/Appellant Charles Crews ("Crews") is the sole owner of the Dexter Ridge Shopping Center. Defendants/Appellees Michael L. Cahhal, Bobbie S. Cahhal, Nancy Nichols, R. Bret Taylor, Kenneth Hill and Evelyn Lorraine Hendrix (collectively "defendants") are shareholders of Louisiana Cuisine, Inc. ("Louisiana Cuisine").

In 1992, Crews purchased a tract of land to develop into the Dexter Ridge Shopping Center ("Dexter Ridge") and established a sole proprietorship under the name "Dexter South Partners, Ltd." ("Dexter South") to conduct development and leasing operations. In December 1992, Dexter South entered into an agreement with Louisiana Cuisine to lease space in Dexter Ridge. The lease provided that, in case of default, the landlord had the option of terminating the lease. If the lease were terminated, the tenant, Louisiana Cuisine, would be liable for "the sum of all rental and other indebtedness accrued to date of such termination." The lease also provided that the "Tenant shall be liable for . . . all reasonable expenses incurred by Landlord in enforcing or defending Landlord's rights and/or remedies including reasonable attorneys' fees." The rental amount due under the lease was $7,568 monthly.

In connection with the lease, Louisiana Cuisine's nine individual shareholders executed a guaranty agreement. The guaranty agreement provided:

> [T]he undersigned ("Guarantor"), hereby severally (if there be more than one Guarantor) guarantee the payment by Lessee to Lessor its successors and assigns, of all sums (including all applicable attorney's fees and other costs and expenses of collection) due or becoming due under the foregoing Commercial Lease Agreement ("Lease Agreement") and the full performance of all other obligations of Lessee provided thereunder.

Thus, each guarantor agreed, in the event of default by Louisiana Cuisine, to be liable for sums due to Dexter South from Louisiana Cuisine. The guaranty agreement clarified that each shareholder guarantor would be "severally liable for [his] proportionate share of the lease per [his] individual ownership percentage in Louisiana Cuisine, Inc."

By January 1994, Louisiana Cuisine had begun operating the restaurant in Dexter Ridge and had begun paying rent. In spring 1996, Louisiana Cuisine failed to pay the required rent. In May 1996, after Louisiana Cuisine had failed to pay rent for three months, Crews filed detainer warrants in the General Sessions Court of Shelby County ("general sessions court") against Louisiana Cuisine

and each of the guarantor shareholders.[1]  After the detainer warrants were filed, Louisiana Cuisine filed for Chapter 11 bankruptcy protection.  Once Louisiana Cuisine filed for bankruptcy, the automatic stay provisions of the bankruptcy code precluded Crews from recovering possession of the premises.  *See* 11 U.S.C.S. § 362(a)(3) (1995).  The shareholder guarantors then made an oral motion to dismiss.  The general sessions court found that, because the automatic stay prevented the court from entering a judgment for possession, Tennessee Code Annotated § 29-18-125[2] also prohibited the court from ordering monetary damages.  On this basis, the general sessions court dismissed the entire action, including the action against the shareholder guarantors.  The general sessions court did not enter a written order of dismissal at that time.

Meanwhile, on July 22, 1996, Crews filed a breach of contract lawsuit in Shelby County Chancery Court ("chancery court") against the shareholder guarantors, but not Louisiana Cuisine, seeking damages under the guaranty agreement.  Subsequently, on October 11, 1996, the general sessions court issued its written order of dismissal in the unlawful detainer action.  Despite the fact that the dismissal was based on the temporary bankruptcy stay, the written order indicated that the dismissal was with prejudice.  Crews then appealed the general sessions order to the Shelby County Circuit Court ("circuit court").  Crews subsequently filed a motion with the circuit court to transfer and consolidate the pending appeal in the unlawful detainer action with his breach of contract lawsuit pending in chancery court.  However, on December 3, 1996, the chancery court transferred the breach of contract case to circuit court for consolidation with the appeal in the unlawful detainer action.

After the two lawsuits were consolidated in circuit court, Crews filed a motion for summary judgment.  The motion asserted:

> 2.  That the Defendants against whom summary judgment is sought are the co-makers of a written Guaranty Agreement which is unconditional in its terms and

---

[1]  In the record in this case, the action is referred to as one for forcible entry and detainer (F.E.D.).  The applicable statute refers to it as an action for unlawful detainer.  Tennessee Code Annotated § 29-18-104 provides:

> Unlawful detainer is where the defendant enters by contract, either as tenant or as assignee of a tenant, or as personal representative of a tenant, or as subtenant, or by collusion with a tenant, and, in either case, willfully and without force, holds over the possession from the landlord, or the assignee of the remainder or reversion.

Tenn. Code Ann. § 29-18-104 (2000).

[2]  The applicable version of Tennessee Code Annotated § 29-18-125 provides:

> In all cases of forcible entry and detainer, forcible detainer, and unlawful detainer, the judge of the court of general sessions trying the cause shall be authorized and it shall be his duty, *if his judgment shall be that the plaintiff recover the possession*, to ascertain the arrearage of rent, and interest, and damages, if any, and render judgment therefor.

Tenn. Code Ann. § 29-18-125 (LEXIS through 1996 Supp.) (emphasis added)

requires pro-rata payment by Defendants of all sums due under a written Lease Agreement in the event of default in payment by the lessee, Louisiana Cuisine, Inc. . . . .

3.  That a default in payment under the Lease Agreement by Louisiana Cuisine, Inc. has occurred, that the amount presently due is $39,732.00 plus costs of collection, including reasonable attorneys fees, and that Defendants have failed and refused to make payment to Plaintiff of their pro-rata share of the aforesaid indebtedness.

On April 7, 1997, the defendant guarantors filed a motion to dismiss against Crews. The guarantors' motion noted that Crews' breach of contract lawsuit was filed in chancery court, while the unlawful detainer action was pending in general sessions court, and asserted that the two lawsuits involved substantially the same parties and issues. Thus, the defendants argued, Crews' second lawsuit in chancery court was barred by the doctrine of "former suit pending." The defendant guarantors also filed a motion for summary judgment, asserting that the party that executed the guaranty agreement, Dexter South, had not acquired a corporate charter, had not registered with the secretary of state as a limited partnership and, further, had not been granted a business license. On this basis, the defendant guarantors asserted that Dexter South could not lawfully enter into a contract such as the guaranty agreement.

In August 1998, a trial was held on the consolidated lawsuits. The only witness at the trial was Crews' agent, Mike Slattery. Slattery testified that he was personally familiar with Crews' leasing operations, and further testified that the total sum due under the lease with Louisiana Cuisine was $57,552.30, which included unpaid rent, late fees, attorney's fees, and pre-judgment interest. The parties stipulated that this amount should be reduced by $29,759.32, which is the amount received from Louisiana Cuisine in the bankruptcy proceedings. The parties also stipulated that Crews had received $15,282.00 from three of the guarantors who settled prior to trial. On cross examination, Slattery acknowledged that the guaranty agreement ran in favor of Dexter South and that Dexter South was not a corporation or a partnership and had never acquired a business license. Slattery said that Dexter South held no interest in the leased property, and that there was no assignment of rights from Dexter South to Crews.

On February 1, 1999, the trial court entered an order dismissing both lawsuits. The trial court made the following findings of fact:

1.  This case originated as an [unlawful detainer] action in the General Sessions Court seeking possession of property and a monetary Judgment against certain guarantors named as Defendants in the said action.

2.  The Defendant, Louisiana Cuisine, Inc., filed for protection under Chapter 11 of the United States Bankruptcy Act which arrested any action in that Court and

pursuant to T.C.A.§ 29-18-125, no Judgment could be awarded against the named guarantors.

3.     This matter was appealed to the Circuit Court where it subsequently came to trial.  During the interim, the Plaintiff filed an action in the Chancery Court seeking the same Judgment against the guarantors as was sought in her [sic] appeal from General Sessions.

        The Defendants filed a Motion to Dismiss on the basis of a former suit pending which this Court holds is well taken and that the Chancery action which was transferred and consolidated with the General Sessions Appeal should be and was dismissed.

4.     At the trial, a Mr. Mike Slattery was offered as the only witness for the Plaintiff.  He testified that the guarantors' agreement ran in favor of a business entity known as Dexter South Partners, LTD.

    He testified that Dexter south [sic] Partners, LTD had never acquired a corporate charter, never applied for a business license, never acquired title to the property which was the subject of the lease and the guaranty agreement, and that Dexter south [sic] Partners, LTD never executed any kind of assignment or other document transferring its right to be the beneficiary of the guaranty to another party and particularly to the Plaintiff, Charles R. [sic] Crews.

        From all of which this Court held and still holds that the Plaintiff has shown no legal right to hold these Defendants liable for this debt or default of Louisiana Cuisine, Inc.

5.     Based upon the testimony and cross examination of Mr. Slattery, the Court further found as a matter of fact, that the exhibited Warranty Deed to the leased property shows that the said property was conveyed by Deed dated July 24,1992, and that the guaranty agreement was dated June 3, 1992.  The said Deed was between W. Terry Edwards, Trustee and Charles E. Crews.

6.     The Court further finds that Dexter South Partners, LTD, was not incorporated and could not do any business until and unless it acquired a corporate charter.  It, therefore, was not a proper party to the Guaranty Agreement.

7.     Lastly, the Court rules that Mr. Slattery never proved any real damages in that he testified that the Plaintiff received more money from the Trustee in Bankruptcy than the amount of its claim for rent, and exhibited no award of attorney fees from that Court or any other.

The trial court also entered the following conclusions:

(a) That the Plaintiff failed to make a case against these Defendants as guarantors of this Plaintiff who never appeared to be the beneficiary of the guaranty exhibited in this case.

(b) That the action filed in Chancery and consolidated should be dismissed on the legal basis of a former suit pending;

(c) That the automatic stay still applies and since the Plaintiff is not entitled to possession he is not entitled to a Judgment for arrears; as provided for in T.C.A. § 29-18-125.

(d) That the Plaintiff has failed to prove any damages above and beyond the amounts collected in the Bankruptcy Court.

Thus, the trial court held that Crews could not enforce the guaranty executed by Dexter South. It also held that the second lawsuit filed by Crews, in chancery court, was barred by the doctrine of former suit pending. It found that the first lawsuit filed by Crews against the guarantors, in general sessions court, should be dismissed because the bankruptcy stay prevented Crews from obtaining possession of the leased space. Finally, the trial court found that Crews had not proven any damages beyond the approximately $29,000 he received in bankruptcy court. Thus, both of the consolidated cases were dismissed. From this order, Crews now appeals.

On appeal, Crews argues that the fact that the bankruptcy stay prevented him from obtaining possession of the premises did not mandate dismissal of his claim against the guarantors in general sessions court under Tennessee Code Annotated § 29-18-125. Crews also contends that the trial court erred in holding that he could not enforce the guaranty agreement executed in the name of Dexter South, and maintains that he proved damages under the guaranty agreement in excess of the amount he received in the bankruptcy proceedings. As to the second lawsuit against the guarantors filed in chancery court, Crews asserts that it was not barred by the doctrine of former suit pending, and that the trial court erred in denying his motion for summary judgment.

Because this case was tried by the court sitting without a jury, the trial court's factual findings are reviewed de novo accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996); Tenn. R. App. P. 13(d). The trial court's legal conclusions are reviewed de novo with no presumption of correctness. *Campbell*, 919 S.W.2d at 35.

We first address the trial court's finding that Tennessee Code Annotated § 29-18-125 barred Crews' unlawful detainer action against the guarantors. This finding was based on the fact that the automatic stay in bankruptcy prevented Crews from obtaining possession of the leased space. On appeal, Crews contends that, "[t]here is simply no basis for concluding that this statute was intended

to prevent a landlord . . . from obtaining a money judgment from guarantors . . . who are named as Defendants in the FED suit in addition to the principal debtor/tenant, and who are not in possession of the real property."

Section 29-18-125 provides that, in a case of unlawful detainer or F.E.D., it is the "duty" of the general sessions judge, "if his judgment shall be that the plaintiff recover possession," to determine the arrearage in rent and render a judgment for the arrearage, as well as any interest and damages. *See* Tenn. Code Ann. § 29-18-125. In construing this statute, we must "ascertain and give effect to the legislative intent." ***Sharp v. Richardson***, 937 S.W.2d 846, 850 (Tenn. 1996). In the absence of ambiguity, legislative intent is derived from the face of a statute, and the court may not depart from the "natural and ordinary" meaning of the statute's language. ***Davis v. Reagan***, 951 S.W.2d 766, 768 (Tenn. 1997); ***Westland W. Cmty. Ass'n v. Knox County***, 948 S.W.2d 281, 283 (Tenn. 1997). The purpose behind the unlawful detainer statute is "to provide an action to determine the right of possession of real property." ***Cain P'ship v. Pioneer Inv. Servs.***, 914 S.W.2d 452, 457 (Tenn. 1996) An unlawful detainer action is primarily one for possession, and a judgment for rent and damages are incidental to the judgment for possession. ***See Nashville Hous. Auth. v. Kinnard***, 207 S.W.2d 1019, 1021 (Tenn. 1948); ***see also*** 36A C.J.S. *Forcible Entry & Detainer* § 58 (1961) ("[D]amages can be allowed plaintiff only as an incident to the right of possession; and, if he fails to prove an unlawful detainer, plaintiff cannot be awarded damages." (footnotes omitted)). Thus, Tennessee Code Annotated § 29-18-125 provides a vehicle for the plaintiff to recover both possession and damages from one in unlawful possession.

However, as to the defendant guarantors, the claim is not one to recover possession, but rather to recover damages due under the guaranty agreement. In ***Fletcher Bright Co. v. Darr***, No. 03A01-9308-CV-00277, 1994 Tenn. App. LEXIS 123 (Tenn. Ct. App. Mar. 9, 1994), the court distinguished a claim for unlawful detainer brought against a lessee from a claim for breach of contract brought against the lessee's guarantor. As in this case, the plaintiff in ***Fletcher*** instituted the case in general sessions court by filing detainer warrants against the lessee and his guarantor. ***Id.*** at *1. The general sessions court rendered a judgment against the defendants in the amount of $18,634.34. ***Id***. On appeal, the court addressed the issue of whether the general sessions court's unlimited original jurisdiction in detainer actions extended to the claim against the guarantor. The Court first noted:

> By way of background, it appears that a cause of action for unlawful detainer came into being as a result of the enactment of Chapter 14 of the Public Acts of 1821, and that the gist of the action is wrongful entry or wrongful detainer. ***Philips v. Sampson***, 39 Tenn. 429 (1859). Additionally, ***Weigand v. Malatesta***, 46 Tenn. 362 (1869), holds that it is in the nature of an action for tort, not contract, although ***Nashville Housing Authority v. Kinnard***, 186 Tenn. 33, 207 S.W.2d 1019 (1948), recognizes that damages and rents may be awarded as an incident to a judgment for possession.

***Id.*** at *6-*7. However, the court further found that "the action is one on contract as to the guarantor because [the guarantor] never had possession of the property, never claimed possession, and was

never entitled to possession." *Id.* at *7. Thus, the trial court held that the unlimited jurisdiction of the general sessions court in unlawful detainer actions did not extend to the claim against the guarantor. Therefore, the amount of the award against the guarantor was reduced to the jurisdictional limit at that time, $10,000. *Id.* at *7.

In this case, although the action was instituted against the guarantors by virtue of a detainer warrant, nevertheless, the action against the guarantors was one for breach of contract.[3] Under these circumstances, the fact that the automatic bankruptcy stay with respect to the tenant prevented Crews from obtaining possession does not mean under Tennessee Code Annotated § 29-18-125 that Crews' claim against the guarantors must be dismissed. Therefore, we must conclude that the trial court erred in dismissing Crews' claims in general sessions court against the defendant guarantors.

Crews next argues that the trial court erred in finding that he could not enforce the guaranty agreement because Dexter South had never incorporated, registered as a partnership, or obtained a business license and, further, that Crews had never been assigned the rights under the guaranty agreement. However, a person may use a trade name, rather than their own name, to conduct business and execute valid contracts. *See Burks v. Belz-Wilson Props.*, 958 S.W.2d 773, 776 (Tenn. Ct. App. 1997); *see also* 65 C.J.S. *Names* § 14 (stating that a person "may adopt or assume any name, wholly or partly different from his or her name, by which such person may . . . execute valid and binding contracts"). Thus, Crews could validly execute contracts in the name of his sole proprietorship, Dexter South.[4] Because Crews remained the real party to the guaranty agreement, the absence of an assignment of rights to Crews does not prevent him from enforcing the agreement. Therefore, we conclude that the trial court erred in dismissing Crews' claims on this basis as well. Our conclusions as to Crews' claims arising from general sessions court make it unnecessary to address the issues on appeal regarding the chancery court action; those issues are pretermitted.

We must next address the issue of damages. The trial court found that Crews "never proved any real damages in that [Slattery] testified that [Crews] received more money from the Trustee in Bankruptcy than the amount of its claim for rent, and exhibited no award of attorney fees from that

---

[3] The defendant guarantors did not raise the issue of the general sessions court's jurisdictional limits. However, it appears that the amount of damages Crews seeks to recover, taking into account the amounts Crews received in bankruptcy and from the other settling guarantors, is within that court's $25,000 jurisdictional limit. *See* Tenn. Code Ann. § 16-15-501(d)(2)(A) (2001 Supp.).

[4] The fact that the name Dexter South Partners, Ltd. seems to imply the existence of a corporation or partnership arrangement is not determinative. In *Sykes v. Cooper*, No. 84-52-II, 1985 Tenn. App. LEXIS 2780 (Tenn. Ct. App. Mar. 29, 1985), the plaintiff was the sole owner of a corporation whose corporate charter was revoked; however, the plaintiff continued to operate the business under the name of the corporation. *Sykes*, 1985 Tenn. App. LEXIS 2780, at *2. The plaintiff later sued the defendant to collect on a note which was executed after the charter was revoked. *Id.* Similar to the defendants in this case, the defendant in *Sykes* argued "that the note she had signed was void and unenforceable because its payee was a non-existent corporation." *Id.* at *3. The trial court, however, held that "[w]hile this case demonstrates the folly of using a trade name implying a corporate existence, we cannot say that [plaintiff's] decision to do so is enough to relieve [defendant] of any further liability under her note." *Id.* at *7.

Court or any other." Indeed, it was stipulated at trial that Crews received $29,759.32 from the bankruptcy proceedings. However, Slattery's testimony at trial indicated that the total sum due under the lease was $57,552.30, which included unpaid rent, late fees, attorney's fees, and pre-judgment interest. This testimony was essentially undisputed and was supported by other evidence in the record, including an affidavit submitted by Crews' attorney indicating his hourly rate and the number of hours he spent in collection efforts. Under these circumstances, we must conclude that the evidence preponderates against the trial court's finding that Crews failed to prove damages beyond the amount received in the bankruptcy proceedings.

Crews asserts that the clause in the guaranty agreement stating that the guarantors "severally" guaranteed the tenants' payment permits him to recover more than the amount due under the lease. Crews argues that he should recover from each defendant guarantor the total sum of damages ($57,552.30) less the amount received in bankruptcy ($29,759.32) multiplied by each defendant's proportionate share of ownership in the company. This would amount to a total award against the defendant guarantors of $16,550.72. However, if this award were added to the amount received in bankruptcy and the amounts received from the settling guarantors, Crews would recover $61,592.04, or $4,039.74 more than the amount actually due under the lease.[5] Crews is not entitled to a windfall simply because some guarantors, who settled prior to Crews' receipt of monies from the bankruptcy proceedings, may have paid more than their proportionate share. Therefore, Crews may recover no more than $57,552.30 minus the amount received in bankruptcy ($29,759.32), and minus the amount received from the settling guarantors ($15,282.00), for a total award of $12,510.98. The individual defendant guarantors are severally liable for their share of this total award, based upon each individual's proportionate share of the remaining 59.55% interest held by the non-settling guarantors.

The decision of the trial court is reversed and the cause is remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed equally among the appellees Michael L. Cahhal, Bobbie S. Cahhal, Nancy Nichols, R. Bret Taylor, Kenneth Hill, and Evelyn Lorraine Hendrix, for which execution may issue, if necessary.

_____

HOLLY KIRBY LILLARD, JUDGE

---

[5] The reason for this disparity is that the settling guarantors made their payments before the bankruptcy court made its $29,759.32 award. As it turned out, the settling guarantors may have paid more than their proportionate share.