# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 16, 2016 Session

## GALLATIN HOUSING AUTHORITY v. MAHOGANEE PELT

**Appeal from the Circuit Court for Sumner County**
**No. 83CC12015CV699     Joe Thompson, Judge**
———————————————————

**No. M2015-01694-COA-R3-CV – Filed May 16, 2017**
———————————————————

This appeal arises from an indigent tenant's petition for writs of certiorari and supersedeas for a de novo review of an unlawful detainer action originally filed in general sessions court. The tenant sought to remain in possession of the leased premises during the review without posting a possessory bond. The circuit court initially issued the writs and, in lieu of a bond, ordered the tenant to pay rent as it became due. The landlord objected, arguing that a possessory bond was mandatory under the applicable statute. The circuit court then ordered the tenant to post a bond and, after the tenant failed to comply, dismissed the previously issued writs. On appeal, the tenant argues that the circuit court erred in calculating the amount of the bond and in dismissing the writ of certiorari with the writ of supersedeas. She also contends that the landlord executed the writ of possession in violation of the initial stay of Tennessee Rule of Civil Procedure 62.01. We conclude that, although it erred in including court costs as part of the possessory bond in light of the tenant's indigence, the trial court properly dismissed the writs of certiorari and supersedeas after the tenant failed to file a possessory bond. We also conclude that Rule 62.01 did not stay the dismissal of the writ of supersedeas. Consequently, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which ANDY J. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Cherrelle Hooper, Gallatin, Tennessee, and Samuel Keen, Clarksville, Tennessee, for the appellant, Mahoganee Pelt.

Brandon R. Meredith, Gallatin, Tennessee, for the appellee, Gallatin Housing Authority.

OPINION

**I.**

In 2015, a dispute arose between Mahoganee Pelt and her landlord, the Gallatin Housing Authority[1] ("GHA") regarding the calculation of her rent. After Ms. Pelt failed to make a required rent payment, GHA filed a detainer warrant in the general sessions court for Sumner County, Tennessee. GHA sought both possession of the premises and a monetary judgment for unpaid rent and late fees. On June 18, 2015, the general sessions court ruled that GHA was entitled to possession and also awarded a monetary judgment for back rent, interest, and damages.

On June 26, 2015, Ms. Pelt petitioned the Circuit Court for Sumner County, Tennessee, under Tennessee Code Annotated § 29-18-129, to issue writs of certiorari and supersedeas to the general sessions court to stay execution of the writ of possession and remove the action to the circuit court for de novo review. After filing a poverty oath and an affidavit of indigency, Ms. Pelt asked the court to waive any bond requirement for costs or for any rent that might accumulate during the appeal. In lieu of a bond, Ms. Pelt asked to pay rent as it became due during the pendency of her appeal.

Initially, the circuit court, by fiat, ordered the court clerk to issue the requested writs, ordered GHA to recalculate rent based on Ms. Pelt's current income, and, in lieu of a bond, required Ms. Pelt to pay the recalculated rent and other charges as they became due during the litigation. GHA filed a motion to dismiss the writs because Ms. Pelt had not posted a possessory bond. The court ruled that Ms. Pelt was statutorily required to post a bond to cover costs, damages, and the value of the rent during litigation. The court ordered Ms. Pelt to post a bond of $2,199, which was comprised of $1,681 in damages, $216 in anticipated rent, and $302 in circuit court costs.

On August 5, 2015, Ms. Pelt filed a motion to alter or amend the court's order. Ms. Pelt explained that she was unable to obtain the required bond and requested that the court allow her to meet the bond requirement by paying rent as it became due. The court denied the motion, dismissed the writs of certiorari and supersedeas with prejudice, and entered judgment against Ms. Pelt in the amount of $1,996.82.

The day after the court dismissed the writ of supersedeas, GHA obtained a writ of possession from the general sessions court clerk. A copy of the writ and a Notice of Eviction was posted on Ms. Pelt's door on August 17, informing her that she would be

---

[1] Gallatin Housing Authority is a public body that provides affordable housing for low-income tenants. *See* Tenn. Code Ann. § 13-20-102(1), -104 (2011 & Supp. 2016).

evicted on August 20. Ms. Pelt claims she "was forced to vacate the premises because of these documents posted to her door indicating she was under an order to leave."[2]

## II.

Ms. Pelt raises three issues on appeal. First, she contends that the circuit court erred in determining that Tennessee Code Annotated § 29-18-129 requires indigent defendants in an unlawful detainer action to post a bond with security sufficient to cover costs, damages, and the value of rent during the litigation. Second, she argues that the court erred in dismissing the writ of certiorari with the writ of supersedeas after she failed to post a possessory bond. Third, she claims that GHA's execution of the writ of possession violated the thirty-day stay in Rule 62.01 of the Tennessee Rules of Civil Procedure.

To resolve these issues, we must interpret both statutes and procedural rules and apply them to the undisputed facts. Statutory construction and the interpretation of our procedural rules are questions of law, which we review de novo, with no presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011).

### A. UNLAWFUL DETAINER ACTIONS

Unlawful detainer[3] is a statutory action created to "streamline the cumbersome and more formal common law action[s], such as ejectment, used to determine rightful possession of real property." *Newport Hous. Auth. v. Ballard*, 839 S.W.2d 86, 89 (Tenn. 1992); Tenn. Code Ann. § 29-18-104. At the commencement of an unlawful detainer action, the plaintiff must post a bond "to pay all costs and damages which shall accrue to the defendant for the wrongful prosecution of the suit." Tenn. Code Ann. § 29-18-111 (2012).

---

[2] According to the affidavit of the public housing manager, Ms. Pelt moved out "of her own volition" before the eviction notice was posted on August 17, 2015. When the formal eviction occurred on August 20, 2015, "there were only a few empty boxes and items of trash remaining at her residence."

[3] Unlawful detainer is defined by statute as:

where the defendant enters by contract, either as tenant or as assignee of a tenant, or as personal representative of a tenant, or as subtenant, or by collusion with a tenant, and, in either case, willfully and without force, holds over the possession from the landlord, or the assignee of the remainder or reversion.

Tenn. Code Ann. § 29-18-104 (2012).

3

In cases filed in general sessions court,[4] the judge determines which party is entitled to possession and enters judgment accordingly. *Id.* § 29-18-119(b) (2012). In conjunction with the judgment of possession, the judge is also statutorily required to "ascertain the arrearage of rent, interest, and damages, if any, and render judgment therefor." *Id.* § 29-18-125 (2012); *see Nashville Hous. Auth. v. Kinnard*, 207 S.W.2d 1019, 1020 (Tenn. 1948) ("[T]he judgment for rent and damages [is] incidental to the judgment for possession."). The judgment of possession is only stayed for ten days. Tenn. Code Ann. § 29-18-126 (2012). Thereafter, a prevailing plaintiff is entitled to possession immediately. *Id.* § 29-18-130(a) (2012).

The unsuccessful defendant in an unlawful detainer action has two options for seeking de novo review in circuit court. *Johnson v. Hopkins*, 432 S.W.3d 840, 845 & n.5 (Tenn. 2013). A notice of appeal can be filed within ten days. Tenn. Code Ann. § 29-18-128 (2012). Or the losing party can, within thirty days, petition the circuit court for writs of certiorari and supersedeas. *Id.* § 29-18-129 (2012).

If the defendant chooses to petition for writs of certiorari and supersedeas under Tennessee Code Annotated § 29-18-129, the circuit court must grant the petition and issue the requested writs if the applicant submits a petition containing a meritorious defense and a bond with sufficient security to cover all costs, damages, and the value of the rent of the premises during the litigation. *Id.* § 29-18-129; *Elliott v. Lawless*, 53 Tenn. 123, 126 (1871). The writ of certiorari removes the case to the circuit court while the writ of supersedeas stays enforcement of the possession judgment. *Nashville Hous. Auth. v. Kinnard*, 207 S.W.2d at 1020.

The defendant who elects to appeal must file a notice of appeal accompanied by a cost bond or a poverty oath and a uniform civil affidavit of indigency. Tenn. Code Ann. §§ 20-12-127 (2009), 27-5-103 (2000), 27-5-108 (Supp. 2016), 29-18-128 (2012); Sup. Ct. R. 29. Filing a notice of appeal does not stay execution of the judgment of possession. *Bell v. Smith*, 202 S.W.2d 654, 656 (Tenn. 1947) ("It has long been recognized as the law in this State that an appeal by defendant from an adverse judgment . . . does not forestall the writ of possession."). Once a defendant files a notice of appeal, the plaintiff cannot execute the writ of possession without first posting a bond for "double the value of one (1) year's rent of the premises," all costs and damages associated with the wrongful enforcement of the writ, and any judgment rendered on appeal. Tenn. Code Ann. § 29-18-130(b)(1). But a different procedure applies if the defendant is a tenant whose continued possession of leased premises is challenged due to nonpayment of rent. *Id.* § 29-18-130(b)(2).

---

[4] Unlawful detainer actions may be filed in general sessions, circuit, or chancery court. Tenn. Code Ann. § 29-18-107, -108 (2012); *Robinson v. Easter*, 344 S.W.2d 365, 365-66 (Tenn. 1961).

4

In such instances, to retain possession, the appealing tenant must post a bond[5] for one year's rent and the costs and damages "accruing from the failure of the appeal, including rent and interest on the judgment." *Id.* If the tenant fails to post the required bond, the landlord may obtain and execute a writ of possession without filing a possessory bond. *Id.*

### B. THE POSSESSORY BOND REQUIREMENT

Ms. Pelt chose to seek review of the general sessions judgment by filing a petition for writs of certiorari and supersedeas under Tennessee Code Annotated § 29-18-129. In accordance with the statute, the circuit court required Ms. Pelt to post a bond in the amount of $2,199, which included $1,681 in damages, $216 in anticipated rent, and $302 in circuit court costs. On appeal, Ms. Pelt concedes that the statute requires a bond. But she argues that indigent tenants should be excused from the bond requirement so long as they pay rent as it becomes due. She also argues that, even if indigent tenants must post a bond, in this instance the circuit court erred in calculating the amount of the bond.

"Every application of a text to particular circumstances entails interpretation." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 53 (2012) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803)). Our goal in statutory interpretation is to "ascertain and effectuate the legislature's intent." *Kite v. Kite*, 22 S.W.3d 803, 805 (Tenn. 1997). When a statute's language is unambiguous, we derive legislative intent from the statute's plain language. *Carson Creek Vacation Resorts, Inc. v. Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993). However, when a statute's language is subject to several interpretations, we also consider the broader statutory scheme, the statute's general purpose, and other sources to ascertain legislative intent. *Wachovia Bank of N.C., N.A. v. Johnson*, 26 S.W.3d 621, 624 (Tenn. Ct. App. 2000).

The words used in the statute should be given their natural, ordinary meaning "in the context in which they appear in the statute and in light of the statute's general purpose." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010). We must give meaning to all of the statutory language and avoid a construction that renders any portion of the statute meaningless. *Hammond v. Harvey*, 410 S.W.3d 306, 310 (Tenn. 2013).

The statute permitting de novo review of unlawful detainer actions by petition for writs of certiorari and supersedeas specifies the bond requirements based on the party seeking review. Specifically, Tennessee Code Annotated § 29-18-129 provides as follows:

---

[5] A cash deposit, an irrevocable letter of credit from a regulated financial institution, or two good personal sureties will also suffice. Tenn. Code Ann. § 29-18-130(b)(2).

The proceedings in such actions may, within thirty (30) days after the rendition of judgment, be removed to the circuit court by writs of certiorari and supersedeas, which it shall be the duty of the judge to grant, upon petition, if merits are sufficiently set forth, and to require from the applicant a bond, with security sufficient to cover all costs and damages; and, if the defendant below be the applicant, then the bond and security shall be of sufficient amount to cover, besides costs and damages, the value of the rent of the premises during the litigation.

Tenn. Code Ann. § 29-18-129. Giving each word in the statute meaning, as we must, an unsuccessful defendant seeking writs of certiorari and supersedeas must post a bond with sufficient security to cover costs, damages, and the value of the rent during the litigation. *See Lee Med., Inc.*, 312 S.W.3d at 527.

We conclude that Ms. Pelt's promise to pay rent as it became due fails to meet the requirements of the statute.[6] The statute specifies a bond with security. *Id.* A mere promise to pay is not secured. *See Bond*, Black's Law Dictionary (10th ed. 2014) (defining *bond* as a "written promise to pay money or do some act if certain circumstances occur or a certain time elapses"); *Security*, Black's Law Dictionary (10th ed. 2014) (defining *security* as "[c]ollateral given or pledged to guarantee the fulfillment of an obligation").

The security requirement is necessary to fulfill the purpose of a possessory bond, namely to protect the landlord from damages accruing from potentially wrongful possession of the leased premises during the review of the detainer action. *Simmons v. Taylor*, 18 S.W. 867, 867 (Tenn. 1892); *Tullahoma Vill. Apartments v. Cyree*, No. 85-206-II, 1986 WL 1664, at *3 (Tenn. Ct. App. Feb. 7, 1986). When faced with the landlord's superior right to possession, a tenant's "promise to pay" rent as it becomes due is insufficient to protect the landlord from financial loss. *See Johnson*, 432 S.W.3d at 845 (explaining that possessory bonds arose to protect the interests of landlords "in light of the fact that tenants often remained in possession of the premises during the pendency of an appeal without paying rent").

The fact that Ms. Pelt is indigent does not change our analysis. We are cognizant that our courts have liberally construed the right of indigent parties to litigate their rights in court without providing security for costs. *Campbell v. Lee*, 12 Tenn. App. 293, 296-97 (1930). Still, possessory bonds serve a separate purpose from cost bonds, and our

---

[6] Ms. Pelt's reliance on this Court's decision in *Elmwood Apartments v. Woodson*, No. M2010-00968-COA-R3-CV, 2011 WL 1487069, at *1 n.2 (Tenn. Ct. App. Apr. 19, 2011), as authority for allowing a tenant to meet the possessory bond requirement by paying rent as it became due is misplaced. The adequacy of the possessory bond was not at issue in *Elmwood Apartments*. *Id.* at *3 (reversing the lower court's dismissal of the petition for certiorari and supersedeas because the court failed to allow the defendant sufficient time to respond to the motion to dismiss).

courts have never excused an indigent litigant from providing security for a possessory bond. *See Scott v. Brandon*, 143 S.W. 601, 602 (Tenn. 1911) (distinguishing between the use of a pauper's oath for a cost bond and a possessory bond in a replevin action); *Crye-Leike Prop. Mgmt. v. Dalton*, No. W2015-02437-COA-R3-CV, 2016 WL 4771769, at *4 (Tenn. Ct. App. Sept. 12, 2016) (holding that indigent tenant had met the requirement to provide security for costs with pauper's oath but affirming dismissal of appeal when tenant retained possession without posting a possession bond). To avoid posting a possessory bond, indigent litigants always have the option of surrendering possession and filing a direct appeal. *Ballard*, 839 S.W.2d at 90.

We next consider the amount of the possessory bond required by the statute. Ms. Pelt first contends that the court erred by including the amount of the monetary judgment awarded by the general sessions court in the calculation of the bond amount. She points to the language of the statute and notes that it does not require a bond for any judgment but rather a bond for "damages." Additionally, she argues that the bond requirement is limited to damages potentially incurred during the pendency of the appeal.

We find Ms. Pelt's arguments unpersuasive. The natural and ordinary meaning of "damages" includes a monetary judgment awarded in court as compensation for loss or injury. *See Damages*, Black's Law Dictionary (10th ed. 2014) (defining *damages* as "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury"); *Taylor v. State*, No. 02A01-91090BC-00182, 1991 WL 268357, at *2-3 (Tenn. Ct. App. Dec. 18, 1991) (defining *damages* as the "pecuniary consequences which the law imposes for the breach of some duty or the violation of some right") (quoting 22 Am. Jur. 2d *Damages* § 1 (1988)). By statute, the pecuniary consequences for unlawful detainer are "the arrearage of rent, interest, and damages, if any," assessed by the general sessions court in conjunction with the possession judgment. Tenn. Code Ann. § 29-18-125.

The plain language of the statute indicates that the bond must "cover, besides costs and damages, the value of the rent of the premises during the litigation." *Id.* § 29-18-129. Following the rules of grammar and punctuation, "during the litigation" can only modify "the value of the rent" not "costs and damages." *See Tenn. Manufactured Hous. Ass'n v. Metro. Gov't of Nashville*, 798 S.W.2d 254, 257 (Tenn. Ct. App. 1990) (explaining that although courts should not base their construction of a statute solely on technical rules of grammar and punctuation, punctuation may be used in conjunction with other indicators of meaning). Damages and the value of rent during the litigation are, contrary to Ms. Pelt's contention, two separate elements of the bond amount.

Our construction is supported by the history of statute. As the Supreme Court has explained, since at least 1835, an unsuccessful defendant seeking writs of certiorari and supersedeas was required to post a bond sufficient to cover costs and damages to the landlord for wrongful prosecution of the writs and "wrongful detention of the premises."

*Simmons*, 18 S.W. at 867. The Legislature subsequently amended the statute to include in the bond requirement the "value of the rent during the litigation" in an effort to enlarge, not to diminish, the landlord's protection. *Id.* Limiting the scope of damages to those incurred on appeal would run contrary to the statute's intent as expressed in its plain language. Thus, we conclude that the court properly interpreted damages to include the amount of the monetary judgment awarded by the general sessions court.

Ms. Pelt next contends that, because she is indigent, the court erred by including costs in the calculation of the bond amount. Tennessee Code Annotated § 20-12-127 authorizes indigent parties to commence a civil action without providing security for costs and litigation taxes by filing a poverty oath and an affidavit of indigency. Reasoning that "appeals, appeals in error, and writs of error, and writs of certiorari and supersedeas in lieu of an appeal," should be treated as actions, our courts have excused indigents from providing security for costs in those instances as well. *Brandon*, 143 S.W. at 601-02; *Hewell v. Cherry*, 158 S.W.2d 370, 372 (Tenn. Ct. App. 1941); *see also Alexander v. Morris*, 71 S.W. 751, 751 (Tenn. 1902) (construing predecessor statute to include "all proceedings for correction of errors, such as appeal and writ of error, as these are modes by which the suit is prosecuted").

We strive to avoid a construction that places one statute in conflict with another. *Cronin v. Howe*, 906 S.W.2d 910, 912 (Tenn. 1995). "Statutes that relate to the same subject matter or have a common purpose must be read in pari materia so as to give the intended effect to both." *In re Kaliyah S.*, 455 S.W.3d 533, 552 (Tenn. 2015). Courts must adopt the most "reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws." *Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 35 (Tenn. 1997).

In light of our liberal policy of allowing indigent parties to proceed in court without first providing a cost bond, we conclude that the most reasonable construction of Tennessee Code Annotated § 20-12-127 and § 29-18-129 is that an indigent defendant in an unlawful detainer action who has petitioned for writs of certiorari and supersedeas is required to post a possessory bond, but the bond does not have to include the costs of the action. In other words, the bond posted by the indigent defendant must be sufficient in amount to cover damages and the value of the rent of the premises during the litigation. *See Horton v. Vowel*, 51 Tenn. 622, 624-25 (1871) (holding in a replevin action that an indigent plaintiff could proceed on a pauper's oath after posting sufficient bond to secure the property at issue); *Crye-Leike Prop. Mgmt.*, 2016 WL 4771769, at *4.

In this case, although it erred in including the amount of costs in determining the amount of the possessory bond, the circuit court did not err in dismissing the writ of supersedeas. Ms. Pelt failed to post a possessory bond of any amount.

8

## C. WRIT OF CERTIORARI

Next, we address Ms. Pelt's claim that, even if the court properly dismissed the writ of supersedeas because she failed to post the necessary bond, the court erred in also dismissing the writ of certiorari. According to Ms. Pelt, she was still entitled to de novo review of the general sessions judgment because no bond is required for a writ of certiorari. We conclude that under the circumstances of this case, Ms. Pelt was not entitled to proceed with a writ of certiorari after the writ of supersedeas was dismissed.

The writs of certiorari and supersedeas[7] in Tennessee Code Annotated § 29-18-129 are only available for review of judgments in forcible entry and detainer, forcible detainer, and unlawful detainer actions and are intended to be used together to enable an unsuccessful defendant to remain in possession of the leased premises while seeking a de novo review. Tenn. Code Ann. § 29-18-107 (2012); *Kinnard*, 207 S.W.2d at 1020 (acknowledging that unsuccessful defendant in unlawful detainer action "could have used the certiorari and supersedeas together . . . , had she wished to remain in possession of the property, as provided by [precursor statute to Tenn. Code. Ann. § 29-18-129]"); *CitiFinancial Mortg. Co. v. Beasley*, No. W2006-00386-COA-R3-CV, 2007 WL 77289, at *4 n.6 (Tenn. Ct. App. Jan. 11, 2007) ("Certiorari and supersedeas allow the defendant to retain possession of the property, whereas appeal leaves the defendant vulnerable to the writ of possession."). The writ of certiorari in this statute was not intended for use as a substitute for appeal. *Hurt v. Dougherty*, 35 Tenn. 418, 425 (1856) ("The certiorari is not, in forcible entry and detainer cases, a substitute for an appeal.").

---

[7] In addition to the writs of certiorari and supersedeas available for review of an unlawful detainer action, Tennessee statutes authorize courts, in appropriate cases, to issue two other writs of certiorari, the common law writ and the statutory writ. *See* Tenn. Code Ann. § 27-8-101, -102 (2000). The main difference between the common law and the statutory writs is the available scope of review. *State v. Lane*, 254 S.W.3d 349, 354 n.4 (Tenn. 2008). Under the common law writ, the reviewing court may only consider whether a board or tribunal "(1) has exceeded its jurisdiction, or (2) has acted illegally, arbitrarily, or fraudulently." *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990) (quoting *Hoover Motor Exp. Co. v. R.R. and Pub. Utils. Comm'n*, 261 S.W.2d 233, 238 (Tenn. 1953)). Review under the statutory writ of certiorari is de novo. *Id.*

In a case involving a common law or statutory writ of certiorari, the court may issue a writ of supersedeas when necessary. *See* Tenn. Code Ann. § 27-8-112 (2000). Dismissal of an ancillary writ of supersedeas does not affect the reviewing court's authority to consider the merits of the case. *See Hewgley v. Trice*, 340 S.W.2d 918, 921 (Tenn. 1960) (discussing the court's jurisdiction upon issuing "the common law writ of certiorari, and in aid thereof, the ancillary writ of supersedeas, to review an interlocutory order or decree of a lower court"). The cases cited by Ms. Pelt as authority for her position involve an ancillary writ of supersedeas, not the writ of supersedeas in Tenn. Code Ann. § 29-18-129. *See id.* at 919; *McKee v. Bd. of Elections*, 116 S.W.2d 1033, 1037 (Tenn. 1938); *City of Nashville v. Dad's Auto Accessories, Inc.*, 285 S.W. 52, 53 (Tenn. 1926).

Although the separate statutory writ of certiorari can be used as a substitute for appeal, this remedy is only available when a party has been denied an appeal through no fault of their own. *See Gen. Motors Acceptance Corp. v. Dennis*, 675 S.W.2d 489, 490-91 (Tenn. Ct. App. 1984); Tenn. Code Ann. § 27-8-102 (2000). "[U]nless the petitioner has been deprived of his appeal by inevitable accident, by the wrongful act of the justice or adverse party, or by his own blameless misfortune, no matter how meritorious his case may be," the petition will be dismissed. *Jasper Engine & Transmission Exch. v. Mills*, 911 S.W.2d 719, 720 (Tenn. Ct. App. 1995). Dismissal was appropriate here.

Ms. Pelt filed her petition for writs of certiorari and supersedeas within the time allowed for filing a direct appeal. She was not deprived of an appeal and cannot establish a "good and sufficient reason for not taking an appeal." *See Ammons v. Coker*, 139 S.W. 732, 733 (Tenn. 1911) (holding that, even in an unlawful detainer action, the writ of certiorari cannot be used as a substitute for appeal without making the proper showing); *but see Hewell*, 158 S.W.2d at 372-74 (allowing use of statutory writ as a substitute for appeal when general sessions judge had denied petitioner permission to appeal). Consequently, the separate statutory writ of certiorari was not available to Ms. Pelt as a substitute for appeal.

### D. WRIT OF POSSESSION

Finally, we address Ms. Pelt's claim that the execution of the writ of possession violated the thirty-day stay in Rule 62.01 of the Tennessee Rules of Civil Procedure.[8] We conclude that the thirty-day stay did not apply to the court's order dismissing the writs of certiorari and supersedeas.

We apply the well-known rules of statutory construction to the interpretation of procedural rules. *Lind*, 356 S.W.3d at 895. Our goal is to "effectuate the drafters' intent without broadening or restricting the intended scope of the rule." *Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013). We seek to discern intent from the language used in the rule. When that language is unambiguous, we simply enforce the rule as written. *Id.* If the language of the rule is capable of more than one meaning, we "must seek a reasonable construction in light of the purposes, objectives, and spirit of the [rule] based on good sound reasoning." *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 286 (Tenn. 2001) (quoting *State v. Turner*, 913 S.W.2d 158, 160 (Tenn. 1995)).

The Tennessee Rules of Civil Procedure did not apply in this case until after it was removed to the circuit court for de novo review. Tenn. R. Civ. P. 1(2); *Brown v. Roland*,

---

[8] Although Ms. Pelt filed a motion for stay of judgment of possession, pursuant to Rules 62.02 and 62.04 of the Tennessee Rules of Civil Procedure, requesting that the circuit court grant an additional stay of proceedings to enforce its order dismissing the writs during appeal, she has not raised the circuit court's denial of her motion for stay as an issue on appeal.

357 S.W.3d 614, 618 (Tenn. 2012). Absent a writ of supersedeas, a possession judgment rendered in general sessions court is only stayed for ten days. Tenn. Code Ann. § 29-18-126; *Bell*, 202 S.W.2d at 656 ("It has long been recognized as the law in this State that an appeal by defendant from an adverse judgment [in an unlawful detainer action] does not forestall the writ of possession. The writs of certiorari and supersedeas under [Tenn. Code Ann. § 29-18-129] are the only means of reaching that result.").

The writ of possession was stayed by the writ of supersedeas issued on June 26, 2015. But, on August 13, 2015, the circuit court dismissed the writ after Ms. Pelt failed to post the required possessory bond. Once the writ of supersedeas was dismissed, GHA, as the prevailing party in general sessions court, was entitled to the issuance and execution of the writ of possession. Tenn. Code Ann. § 29-18-130(a).

Ms. Pelt argues, however, that Rule 62.01 stayed execution or enforcement of the court's dismissal order for thirty days after its entry date, and therefore, the writ of supersedeas remained in place. Rule 62.01[9] expressly excludes injunction actions from the thirty-day stay. When the relief granted by the circuit court is "essentially injunctive in nature," this Court has held that enforcement of the judgment is not stayed absent an express order from the circuit court. *Open Lake Sporting Club v. Lauderdale Haywood Angling Club*, 511 S.W.3d 494, 505 (Tenn. Ct. App. 2015), *appeal denied*, (Jan. 14, 2016). The determination of whether, and on what terms, to stay an injunction or the denial of an injunction is left to the discretion of the judge. *Id.*

Ms. Pelt petitioned the circuit court for a writ of certiorari to remove the unlawful detainer action from general sessions court for de novo review and for a writ of supersedeas to stay the writ of possession. A writ is a court order "commanding the addressee to do or refrain from doing some specified act." *Writ*, Black's Law Dictionary (10th ed. 2014). As such, a writ is injunctive in nature, and to the extent the circuit court's order dismissed the writs, the order was the equivalent of a denial of injunctive relief. *See Injunction*, Black's Law Dictionary (10th ed. 2014) (defining *injunction* as a "court order commanding or preventing an action"). Therefore, Rule 62.01 did not apply

---

[9] Rule 62.01 provides, in relevant part:

Except as otherwise provided in this Rule, no execution shall issue upon a judgment, nor shall proceedings be taken for its enforcement until the expiration of 30 days after its entry. In injunction and receivership actions, . . . an interlocutory or final judgment shall not be stayed after entry unless otherwise ordered by the court and upon such terms as to bond or otherwise as it deems proper to secure the other party.

Tenn. R. Civ. P. 62.01.

11

to the dismissal of the writs, and GHA was entitled to seek and enforce the writ of possession.[10]

## III.

For the foregoing reasons, we affirm the circuit court's order dismissing the writs of certiorari and supersedeas with prejudice.

_____
W. NEAL MCBRAYER, JUDGE

---

[10] The portion of the circuit court's order granting a monetary judgment, however, was subject to the thirty-day stay provided in Rule 62.01. *See Forgey-Lewis v. Lewis*, No. E2009-00851-COA-R3-CV, 2011 WL 332710, at *13 (Tenn. Ct. App. Jan. 28, 2011) (holding it was error to allow garnishment before expiration of thirty-day stay).